IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


Sylvana LUCIANI,

        Plaintiff,

vs.                                                                          Civ. No. 05-0713 JP/KBM

**JACQULIN C. "JACKIE" INGLE,** Administrative Services Division, Director, New Mexico Department Of Labor, In Her Individual Capacity; **HOWARD WILLIAMS,** Administrative Services Division Director, New Mexico Department Of Labor, In His Individual Capacity;
**DORIS DUHIGG,** EEO Officer, New Mexico Department of Labor, In Her Individual Capacity;
**JOEL KORNGUT,** Human Resources Bureau Chief New Mexico Department of Labor, In His Individual Capacity; **LALA TRUJILLO-GARCIA,** Administration/Operations Manager, New Mexico Department of Labor, In Her Individual Capacity;
**PATRICK SIMPSON;** General Counsel, New Mexico Department of Labor, In His Individual Capacity; and
**VIRGINIA BACA,** Administrative Assistant, New Mexico Department of Labor, In Her Individual Capacity;

        Defendants.


## MEMORANDUM OPINION AND ORDER

Defendants Jacqulin Ingle, Howard Williams, Doris Duhigg, Joel Korngut, Lala Trujillo-Garcia, Patrick Simpson, and Virginia Baca filed Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Insufficiency of Process on July 5, 2005.  (Doc. No. 8).  Defendants also submitted a Notice of Filing Affidavit in Support of Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Insufficiency of Service of Process on July 22, 2005.  (Doc. No. 12).  On July 25, 2005, Plaintiff Sylvana Luciani filed an untimely Response in Opposition to

Defendants' Motion to Dismiss.  (Doc. No. 13).  Defendants filed their Reply to Brief in Support of Motion to Dismiss for Lack of Personal Jurisdiction and Insufficiency of Service of Process on August 10, 2005.  (Doc. No. 15).

Having considered the briefs, pleadings, and arguments of counsel, the Court finds that the attempted service on Defendants was defective.  However, the Court concludes that Plaintiff should be able to effect new service of process on Defendants in accordance with 28 U.S.C. § 1448 (2005).  The Court therefore quashes the defective service on Defendants and grants Plaintiff an extension of the time in which she may effect service.

*I.     Factual Background*

On May 26, 2005, Plaintiff filed a "Complaint for Denial of Equal Protection and First Amendment Retaliation (Political Association) Under Color of State Law Resulting In Wrongful Termination of Employment, and for Punitive Damages" against Defendants in the Second Judicial District Court in the County of Bernalillo, New Mexico.  In her complaint, Plaintiff alleges that Defendants are current or former employees of the New Mexico Department of Labor ("DOL").  Each Defendant is sued in his or her individual capacity.  Summons for the Defendants were issued by the clerk of the state court.  (Doc. No.1, Ex. B).

According to an uncontested affidavit, on June 15, 2005, Plaintiff left copies of the summonses and the complaint for Defendants Ingle, Williams, Duhigg, Korngut, Trujillo-Garcia, and Baca with an employee of the DOL, Felicia Santistevan, who was waiting for the elevator in the lobby of the DOL building.  (Doc. No. 12).  Ms. Santistevan is employed as a Business Operations Specialist by the DOL and has no authority to accept legal service on behalf of any

DOL employee. Ms. Santistevan was not informed at the time that the documents given to her were copies of the summonses and the complaint, and she did not sign a receipt for the documents. Ms. Santistevan delivered copies of the summons and the complaint for Defendant Korngut to Renee Peralta, the Administrative Secretary in the Human Resources Bureau of the DOL. Ms. Santistevan delivered copies of the summonses and the complaint for Defendants Ingle, Williams, Duhigg, Trujillo-Garcia, and Baca to Defendant Duhigg.

On June 17, 2005, Plaintiff personally served Defendant Simpson at his place of employment. Plaintiff has not served any copies of the summonses and the complaint on the New Mexico Attorney General. Defendants removed the action to federal court on June 28, 2005, citing subject matter jurisdiction arising under the United States Constitution and federal statutes. 28 U.S.C. § 1331 (2005).[1]

## II.   Discussion

### a.   Plaintiff's Untimely Response

As a preliminary matter, Defendants argue that the Court should disregard the Plaintiff's response and opposition to their motion because it was untimely filed. Under D.N.M. LR-Civ. 7.6(a) (2005), a response must be served within fourteen calendar days after service of a motion. Failure to file and serve a response during the prescribed period constitutes consent to grant the motion. D.N.M. LR-Civ. 7.1(b). The Defendants' motion was served on the Plaintiff by mail on July 5, 2005. (Doc. No. 8); FED. R. CIV. P. 5(b)(2)(B) (service by mail complete on mailing). Under FED. R. CIV. P. 5(e), a party that receives service of a motion by mail is entitled to add

---

[1] Defendants have not waived their objections to insufficient service of process by removing to federal court. *Morris & Co. v. Skandinavia Ins. Co.*, 279 U.S. 405, 409 (1929).

three days to the D.N.M. LR-Civ. 7.6(a) fourteen day period. Plaintiff's response was therefore due on Friday, July 22, 2005. Plaintiff served her response three calendar days late on Monday, July 25, 2005. (Doc. No. 13). Plaintiff did not offer any explanation for the untimeliness of her response.

However, the local rules may be waived by the Court in order to avoid injustice. D.N.M. LR-Civ. 1.7. In determining whether to grant a motion to dismiss based on a plaintiff's failure to timely respond, the Court should consider, "(1) the degree of actual prejudice to the defendants; (2) the amount of interference with the judicial process, [and] (3) the culpability of the litigant." *Murray v. Archambo*, 132 F.3d 609, 611 (10th Cir. 1998) (citing *Hancock v. City of Okla. City*, 857 F.2d 1394, 1396 (10th Cir. 1988)). Finally, these factors should be weighed against "the judicial system's strong predisposition to resolve cases on their merits . . . ." *Id.* at 611.

Here, the actual prejudice to Defendants is minimal, as Defendants were able to timely reply to the Plaintiff's response. Furthermore, the Defendants' affidavit supporting their motion was not filed until July 22, 2005, the day Plaintiff's response was due. Defendants should have expected that Plaintiff would need time to consider the contents of the affidavit before responding to the motion.

The interference with the judicial process also appears to be slight, especially because any dismissal based on insufficiency of service of process would be without prejudice. *See, e.g., Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 139 F.2d 871, 875 (3d Cir. 1944), *cert. denied,* 322 U.S. 740 (1944). Plaintiff's response was only three days late. Dismissal without considering the merits of the current motion would only add to delay and the waste of judicial

resources.

Finally, Plaintiff has not proffered any explanation for the tardiness of her response, and thus she appears culpable for the delay.  However, this last factor does not outweigh the Court's preference to resolve the motion on its merits.  The Court therefore will consider the Plaintiff's untimely response, and will address the motion on its merits.  However, the Court cautions Plaintiff to follow the time limitations of the local rules in the future.

>    b.    *Sufficiency of Service of Process*

Defendants seek dismissal of Plaintiff's complaint based on insufficient service of process. FED. R. CIV. P. 12(b)(2) & (5) (2005).  Service of process is the means by which a defendant is given notice of a suit, and it is the procedural mechanism by which a court asserts personal jurisdiction over a defendant.  *See Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).  Defendants argue that Plaintiff failed to properly serve any of the Defendants under state law prior to removal.  The Defendants therefore contend that the Court lacks personal jurisdiction over the Defendants.

Plaintiff attempted service upon the Defendants prior to removal of the case to federal court.  The validity of service attempted before removal is determined under state law.  *See, e.g., Allen v. Ferguson*, 791 F.2d 611, 616 n.8 (7th Cir. 1986); *Usatorres v. Marina Mercante Nicaraguenses, S.A.*, 768 F.2d 1285, 1286 n.1 (11th Cir. 1985); *Rentz v Swift Transp. Co.,* 185 F.R.D. 693, 696 (M.D. Ga 1998); *Rockwell v. United States Fidelity & Guaranty Co.*, 137 F. Supp. 317, 319 (M.D. Penn. 1955).  If Plaintiff's attempted service on the Defendants was invalid under state law, that service must be deemed ineffective, and the Court lacks personal jurisdiction over Defendants.  This is true even if the attempted service may have fulfilled the requirements for

5

service under FED. R. CIV. P. 4 if the case were originally filed in district court. *Cf. Freeman v. Bee Machine Co.,* 319 U.S. 448, 449 (1943) ("Where a state court lacks jurisdiction . . . a federal district court acquires none on a removal of the case. That is true even where the federal court would have jurisdiction if the suit were brought there.").

Under New Mexico law, service of process on an employee of the state must be made by delivering a copy of the summons and the complaint to that employee and also to the Attorney General of New Mexico. N.M. Stat. Ann. § 38-1-17(D) (2005); Rule 1-004(f)(3)(c) NMRA (2005). Service on the state employee must be made personally. *Wirtz v. State Educ. Retirement Bd.*, 1996-NMCA-085, 923 P.2d 1177, 1181 (N.M. 1996). Service on the attorney general must be made either by handing a copy of the summons and the complaint to the attorney general or to the attorney general's receptionist. N.M. Stat. Ann. § 38-1-17(H); Rule 1-004(f)(3)(e) NMRA.

Here, service was defective under state law as to all Defendants. Defendants Ingle, Williams, Duhigg, Korngut, Trujillo-Garcia, and Baca were not served personally—copies of the summonses and the complaint were left with a DOL employee in the lobby of the DOL building. Defendant Simpson was served personally. However, no copies of the summonses or the complaint were delivered to the New Mexico Attorney General.

Plaintiff argues that the Court should deem service effective because Defendants received actual notice of the suit and are thus only minimally prejudiced. Citing *Elkins v. Broome,* 213 F.R.D. 273, 275 (M.D. N.C. 2003), Plaintiff points out that the courts are generally more liberal in evaluating whether service was proper when a defendant has actual notice of the suit. The Court acknowledges that slight, technical violations of service of process rules may not invalidate service when a defendant receives actual notice. *See, e.g., Kitchens v. Bryan County Nat'l Bank*,

825 F.2d 248, 256 (10th Cir. 1984).  However, "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored."  *Armco v. Penrod-Stauffer Building Systems, Inc.,* 733 F.2d 1087, 1089 (4th Cir. 1984).

Here, the defects in Plaintiff's attempted service were not mere technicalities.  Rather, by failing to serve copies of the summonses and the complaint on the New Mexico Attorney General, Plaintiff failed to fulfill the plain requirements of N.M. Stat. Ann. § 38-1-17.  Furthermore, by leaving copies of the summonses and the complaint for Defendants Ingle, Williams, Duhigg, Korngut, Trujillo-Garcia, and Baca with an unauthorized employee in the DOL lobby, Plaintiff failed to even make a colorable attempt to properly serve Defendants under state law.  The Court therefore finds that Plaintiff failed to properly serve Defendants prior to removal.

*c.     Effect of Insufficient Service of Process*

Although the attempted service on Defendants was defective under state law, the Court is not automatically required to dismiss the case for lack of personal jurisdiction.  *See, e.g.,* 28 U.S.C. § 1448 (2005); *Schmidt v. Wilbur*, 775 F. Supp. 216*,* 227 (E.D.Mich. 1991); *Wright v. Xerox Corp.*, 882 F. Supp. 399, 410 (D.C. N.J 1995).  The Court retains discretion to quash the defective service, rather than dismiss the case, when there is a reasonable prospect that effective service will be completed.  *Pell v. Azar Nut Co.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983).  After removal, service of process that is found defective under state law may be completed or new process issued in federal court, "in the same manner as in cases originally filed in such district

court." 28 U.S.C. § 1448.[2]  *See also* FED. R. CIV. P. 81(c) ("These rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal").  Therefore, after removal, federal law governs service of process, and personal jurisdiction over Defendants may be obtained in accordance with FED. R. CIV. P. 4.  *See, e.g., Rentz,* 185 F.R.D. at 696.

Under FED. R. CIV. P. 4(m), a plaintiff has 120 days from the date of filing of the complaint to serve the Defendants.  The present action was filed in state court on May 26, 2005.  Therefore it appears that there is not a reasonable prospect that Plaintiff could properly serve Defendants before the 120 day period has ended.

However, the Court may extend the time under FED. R. CIV. P. 4(m).  In determining whether to dismiss for improper service or to grant an extension, the Court must first determine whether Plaintiff has shown good cause for the failure to properly serve Defendants.  *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995); *Scott v. Hern*, 216 F.3d 897, 912 (10th Cir. 2000); *Lopez v. United States*, 129 F.Supp.2d 1284, 1295 (D.N.M. 2000), *affirmed,* 21 Fed. Appx. 879 (2001).  If the Court finds good cause exists, then Plaintiff is entitled to an extension

---

[2] The full text of 28 U.S.C. § 1448 provides:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.
>
> This section shall not deprive any defendant upon whom process is served after removal of his right to move to remand the case.

of the 120 day limit.  *Scott*, 216 F.3d  at 912.  Even if Plaintiff has not established good cause, however, the Court retains discretion to grant Plaintiff an extension.  *Id.*

In this case, Plaintiff has not provided the Court with any excuse or explanation for the failure in service.  However, dismissal of the current action for insufficient service of process would necessarily be without prejudice.  *Orange Theatre,* 139 F.2d at 875.  Plaintiff would merely have to file another complaint and properly serve Defendants to reinstate her claim.  Dismissing the present action would only cause delay and waste judicial resources, contrary to the policy of "just, speedy, and inexpensive determination of every action."  FED. R. CIV. P. 1.  The Court therefore concludes that Plaintiff's attempted service upon Defendants should be quashed, and the Plaintiff should be given an extension under FED. R. CIV. P. 4(m) to accomplish service.

IT IS THEREFORE ORDERED THAT Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Insufficiency of Service of Process is DENIED.

IT IS FURTHER ORDERED THAT Plaintiff's attempted service on Defendants prior to removal is QUASHED.

IT IS FURTHER ORDERED THAT Plaintiff is given an extension to October 20, 2005 to effect proper service on Defendants.  If proper service is not made on Defendants by October 20, 2005, the Court will dismiss the case without prejudice.

                                             */s/ James A. Parker*
                                        SENIOR UNITED STATES DISTRICT JUDGE