IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SYLVANA LUCIANI,

        Plaintiff,

vs.                                                                                     CV 05-0713 JP/ACT

JACQULIN C. "JACKIE" INGLE,
HOWARD WILLIAMS, DORIS DUHIGG,
JOEL KORNGUT, LALA TRUJILLO-GARCIA,
PATRICK SIMPSON, and VIRGINIA BACA,

        Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

     On August 17, 2005, Defendant Patrick Simpson filed a Motion to Dismiss Complaint

(Docket No. 17).  The other defendants, Jacqulin Ingle, Howard Williams, Doris Duhigg, Joel

Korngut, Lala Trujillo-Garcia, and Virginia Baca, filed a Motion to Dismiss Complaint on

November 3, 2005 (Docket No. 37).  All Defendants seek dismissal of Plaintiff Sylvana Luciani's

complaint under FED. R. CIV. P. 12(b)(6) for failure to state a claim, and, alternatively, for

Plaintiff's failure to comply with the "short and plain" pleading requirements of FED. R. CIV. P. 8.

After reviewing the complaint and arguments of counsel, the Court GRANTS Defendants' motion

to dismiss under FED. R. CIV. P. 8, and DISMISSES Plaintiff's complaint, as further described

herein.

*I.  Plaintiff's Claims Under Sections 1981 and 1985*

     Count I of Plaintiff's complaint alleges that Defendants denied her equal protection of the

law.  Count II alleges associational First Amendment retaliation. Count III is for punitive

damages.  Although neither Count I nor Count II of Plaintiff's complaint contain citations to any

statutory authority for Plaintiff's claims, the expressly incorporated "Introduction" to Plaintiff's complaint states that "Plaintiff seeks damages, attorney's fees, and costs from Defendants in their individual capacities under 42 U.S.C. § 1981 and under 42 U.S.C. § 1983 and 42 U.S.C. § 1985" (Docket No. 1, Complaint, at 2).  Plaintiff also quotes a large portion of the statutory language of 42 U.S.C. § 1985 in paragraph 21 of her complaint (Docket No. 1, Complaint, at 8).

Defendants argue in their motions to dismiss that Plaintiff has failed to state a claim under either § 1981 or § 1985.  However, in Plaintiff's response to Defendants' motions to dismiss Plaintiff indicates that she currently is not seeking relief under either § 1981 or § 1985, and instead is asserting claims solely under § 1983.  Plaintiff states that her citations to § 1981 and § 1985 were 'inadvertently' included in the complaint, and therefore "Defendants' motion, [by challenging Plaintiff's claims under §§ 1981 and 1985], essentially seeks dismissal of phantom claims which have not been brought in the current complaint but which may be asserted at a later date" (Docket No. 23, at 1-2) (Docket No. 44, Ex. 1 at 1-2).

Defendants contend that Plaintiff's assertion of "phantom claims" in the complaint "is prejudicial to Defendants, creates unnecessary work for defense counsel, and should not be countenanced" (Docket No. 49, at 3).  The Court agrees.  However, Plaintiff responds that Defendants' motions should be denied because Defendants failed to seek concurrence for their motions to dismiss before filing them with the Court.  The Court acknowledges the importance of following the mandates of the Local Rules, which provide that a movant must request concurrence of each party before filing a motion, and that failure to recite a good-faith request for concurrence may be a basis for denial of a motion.  D.N.M.-LR.Civ. 7.4(a).  But the Local Rules may be waived by the Court in the interests of justice. D.N.M.-LR.Civ. 1.7.

Plaintiff appears to be playing fast and loose with the Court by first asserting bases for liability in her complaint and later disavowing any intention to sue under those bases. Although Defendants should contact opposing counsel and seek concurrence before filing a motion, Defendants are not required to inquire whether Plaintiff intends on pursuing claims under the statutes Plaintiff cites in her complaint. Plaintiff's behavior will not be tolerated, and the Court will dismiss, with prejudice, Plaintiff's claims to the extent she seeks relief under 42 U.S.C. § 1981 and 42 U.S.C. § 1985.

## II. Plaintiff's Claims Under Section 1983

Although the Court dismisses, with prejudice, Plaintiff's claims to the extent they are brought under 42 U.S.C. §§ 1981 and 1985, Plaintiff may still have viable claims for relief under 42 U.S.C. § 1983. However, Plaintiff's complaint is 33 pages long and contains 115 paragraphs. Many of the allegations in the complaint are conclusory, argumentative, vague, and redundant. It is often unclear what actions the individual Defendants are alleged to have taken. For example, it is not clear from Plaintiff's allegations what role Defendant Trujillo-Garcia played, and no specific action is expressly attributed to her. Further, Plaintiff often alleges that an individual, "Defendant Terry Othick," took certain actions against the Plaintiff. However, Terry Othick has not been named as a Defendant in the caption of the complaint, nor has he been served.

It is also unclear what theories of liability Plaintiff relies upon in her complaint. For example, Plaintiff alleges that she was treated differently than similarly-situated males. However, Plaintiff does not allege that she is a member of an identified class or group. Nor has Plaintiff clearly asserted that she is, for example, a "class of one." *See, e.g., Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam). Thus, it is unclear what theory Plaintiff is

asserting for her equal protection claim in Count I.

Rule 8(a) of the Federal Rules of Civil Procedure provides that "[a] pleading . . . shall contain . . . a short and plain statement of the clam showing that the pleader is entitled to relief." Further, Rule 8(e) provides that "[e]ach averment of a pleading shall be simple, concise, and direct." A district court may dismiss a complaint for failure to comply with FED. R. CIV. P. 8 when a "complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Although the court should liberally construe a complaint brought by a *pro se* party, in this case Plaintiff is represented by experienced counsel. *Cf. Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Because of the difficulty of sifting material facts from conclusory or argumentative assertions, and because it is unclear what theories of liability Plaintiff is asserting, Plaintiff's prolix complaint fails to give Defendants "fair notice of the basis of the claim against them so that they may respond to the complaint." *Leonard v. Standell*, 145 Fed. Appx. 632, 633 (10th Cir. 2005) (unpublished) (quoting *Monument Builders of Greater Kansas City, Inc. v. Am. Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir.1989)). The complaint also fails "to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief." *Id.* The Court therefore finds that, to the extent Plaintiff's complaint relies upon 42 U.S.C. § 1983 as a basis for relief, Plaintiff's complaint should be dismissed, without prejudice, under FED. R. CIV. P. 8.

IT IS THEREFORE ORDERED THAT Defendant Simpson's Motion to Dismiss

Complaint (Docket No. 17) is GRANTED.

IT IS FURTHER ORDERED THAT Defendants Jacqulin Ingle's, Howard Williams', Doris Duhigg's, Joel Korngut's, Lala Trujillo-Garcia's, and Virginia Baca's Motion to Dismiss Complaint (Docket No. 37) is GRANTED.

IT IS FURTHER ORDERED THAT Counts I, II, and III of Plaintiff's complaint are DISMISSED WITH PREJUDICE, in part, to the extent Counts I, II, and III seek to hold Defendants' liable under 42 U.S.C. § 1981 and 42 U.S.C. § 1985.

IT IS FURTHER ORDERED THAT all other claims that Plaintiff attempts to assert in her complaint are DISMISSED WITHOUT PREJUDICE for failure to comply with FED. R. CIV. P. 8.

_____
SENIOR UNITED STATES DISTRICT JUDGE

5